IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

BART GARRY,                          *

   Plaintiff,                      *

       v.                          *   CIVIL NO.: WDQ-14-1768

RONALD FREDERICK, *et al.*,          *

   Defendants.                     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

    Bart Garry, *pro se*, sued Ronald Frederick, Esq., and Michael L. Berler, Esq. (together, the "Defendants"), for defamation and other tort claims[1] in the Circuit Court for Baltimore City. ECF No. 2. The Defendants removed the suit to this Court. ECF No. 1. Pending are the Defendants' unopposed motions to dismiss the original and amended complaints, ECF Nos. 9, 13, and Garry's motion to remand, ECF No. 12. For the following reasons, Garry's motion to remand will be denied, and

---

[1] The complaint alleges the following causes of action: Defamation (Count One); Intentional Misrepresentation (Count Two); Interference with Contractual Relations (Count Three); Unfair or Deceptive Trade Practices (Count Four); Violation of the Consumer Debt Collection Act (Count Five); Negligence (Count Six); Abuse of Process (Count Seven); and Negligent Misrepresentation (Count Eight). ECF No. 2.

the Defendants' motion to dismiss the amended complaint will be granted.[2]

I.   Background

A.   Facts[3]

The Defendants are Ohio-based attorneys.  ECF Nos. 2 at 1; 9-1 at 1; 9-4 at 1, 3.[4]  Garry resides in Baltimore, Maryland. ECF Nos. 1 at 1; 11 at 1.  This suit arose when the Defendants

---

[2] "It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot." *Blount v. Carlson Hotels*, 3:11CV452-MOC-DSC, 2011 WL 6098697, at *1 (W.D.N.C. Dec. 6, 2011) (*citing Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect.")).  Accordingly, the Defendants' motion to dismiss the original complaint, ECF No. 9, will be denied as moot.

[3] The facts are from the amended complaint, the Defendants' memorandum in support of its motion to dismiss, and related exhibits, ECF Nos. 9-1, 9-2, 9-3, 9-4, 11.  For the motion to dismiss for lack of personal jurisdiction, "the [C]ourt must take all disputed facts and reasonable inferences in favor of the plaintiff[s]." *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir.2003). For the motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true.  *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).  In reviewing the motion to dismiss, the Court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic.  *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[4] Each defendant swore he was not licensed to practice--and has never practiced--law in Maryland.  ECF No. 9-4 at 1, 3.  From 1997 to 1998, defendant Berler worked as a temporary computer consultant in Baltimore City.  *Id.* at 3.

sued Garry for $500,000 in Ohio state court.   ECF Nos. 11 ¶ 3;
9-1 at 1.[5]

Garry alleges that the "Defendants are in the business of
defrauding the public by bringing and serving frivolous claims."
ECF No. 11 ¶ 1.   The Defendants "make up either phony laws
and/or facts, or cite totally inapplicable laws[,] and then sue
upon these laws . . . [in] the hope they will lead to
settlements."   *Id.* ¶ 2.   The Defendants "claim[ed] that [Garry]
had hundreds of times violated a law," when they "knew that the
law was inapplicable and that [Garry] had not violated the
cite[d] law."   *Id.* ¶ 3.   Garry "was a victim of the tort while
in Baltimore City."   *Id.*   "To the best of [Garry's] knowledge
and belief[, the] Defendants have done similar actions against
other individuals and small businesses throughout the country."
*Id.* ¶ 4.

---

[5] The underlying action is styled *BSD Collections, Inc. v.
Walker*, Civil Case No. 1301853, filed in the Garfield Heights
Municipal Court in Cuyahoga County, Ohio.   ECF Nos. 9-1 at 1; 9-
2.   In that case, Garry, as the owner of BSD Collections, Inc.
("BSD Collections"), sued Shnea Walker, an Ohio resident, for
$5,050.13 in connection with a 2007 promissory note with a
59.92% annual interest rate.   ECF No. 9-1 at 1-2.   Walker
retained the Defendants as counsel.   *Id.* at 2.   The Defendants
counterclaimed against BSD Collections, and brought a third-
party claim against Garry.   *Id.*; ECF No. 9-3.   That case remains
pending in Ohio state court.   ECF No. 9-1 at 2.

B.   Procedural History

On March 7, 2014, Garry sued the Defendants in the Circuit Court for Baltimore City, seeking $500,000 in compensatory damages, unspecified punitive damages, and attorney's fees[6] and costs.   ECF Nos. 1 at 1; 2 at 1, 7.   On June 2, 2014, the Defendants removed the suit to this Court.   ECF No. 1.   On July 1, 2014, the Defendants moved to dismiss the complaint.   ECF No. 9.

On July 14, 2014, Garry amended his complaint, reducing to $74,000 his claim for compensatory damages, while still seeking unspecified punitive damages, and attorney's fees and costs. ECF No. 11 at 7.[7]  On July 14, 2014, Garry moved to remand the suit to state court.   ECF No. 12.   On July 16, 2014, the Defendants opposed that motion.   ECF No. 14.   That same day, the Defendants moved to dismiss the amended complaint.   ECF No. 13.[8] On August 4, 2014, Garry's response to the motion to dismiss was due.   To date, Garry has not filed a response.

---

[6] Garry, however, is proceeding *pro se*.   ECF Nos. 2 at 1; 11 at 1.
[7] Garry failed to include the required redlined version showing changes from the original to the amended complaint.   *See* Local Rule 103.6.

[8] The Defendants incorporated by reference the memorandum of points and authorities and exhibits attached to their motion to dismiss the original complaint.   *See* ECF Nos. 13 at 1; 9-1; 9-2; 9-3; 9-4.

II.   Analysis

    A.   Motion to Remand

       1.   Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing where such action is pending."  28 U.S.C. § 1441(a)(2012).  Under 28 U.S.C. § 1332(a)(1)(2012), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

It is well settled that federal jurisdiction is "fixed at the time the . . . notice of removal is filed." *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir.2008). If, at that time, the parties are citizens of different states and the amount in controversy exceeds $75,000, the Court has jurisdiction on the basis of diversity--"regardless of later changes in . . . the amount in controversy." *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255-56 (4th Cir. 2002); *see also Pinney v. Nokia, Inc.*, 402 F.3d 430, 443 (4th Cir. 2005); *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988).

2.   Garry's Motion

Garry asserts that remand is proper because the amended complaint, which seeks $74,000 in compensatory damages, eliminated the Court's diversity jurisdiction.  ECF No. 12 at 1. The Defendants assert that remand is inappropriate because removal is determined by the complaint filed at the time of removal.  ECF No. 14 at 1.

The Defendants are correct.  The original complaint named diverse parties and sought $500,000 in damages.  ECF No. 2.  The Court's subject matter jurisdiction was fixed at that time; Garry's motion will be denied.  *See Dennison*, 549 F.3d at 943; 28 U.S.C. § 1332.

B.   Motion to Dismiss for Lack of Personal Jurisdiction

1.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(2), the Court may dismiss a complaint unless the plaintiffs can prove personal jurisdiction by a preponderance of the evidence.  *Mylan Labs, Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993); Fed. R. Civ. P. 12(b)(2).  Personal jurisdiction may be general or specific.  General jurisdiction requires the Defendants' "continuous and systematic" contacts with the forum state. *Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners*, 229 F.3d 448, 450 (4th Cir. 2000).  Specific jurisdiction requires that the Defendants' "contacts relate to

6

the cause of action and create a substantial connection with the forum state." *Id.*

If the court determines the issue of personal jurisdiction without an evidentiary hearing, and relies only on the complaint, affidavits, and discovery materials, "the plaintiff need only make a *prima facie* showing of personal jurisdiction." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). In determining whether the *prima facie* showing has been made, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). However, the Court need not "credit conclusory allegations or draw farfetched inferences."[9]

### 2. The Defendants' Motion

A federal district court may assert personal jurisdiction over a non-resident when the exercise of jurisdiction is (1) authorized by the forum state's long-arm statute, and (2) consistent with due process.[10] *Carefirst of Md., Inc.*, 334 F.3d

---

[9] *Masselli & Lane, PC v. Miller & Schuh, PA*, No. 99-2440, 2000 WL 691100, *1 (4th Cir. May 30, 2000) (*citing Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994)).

[10] In Maryland, the "statutory inquiry merges with [the] constitutional inquiry," because "Maryland courts have consistently held that the state's long-arm statute is coextensive with the limits of personal jurisdiction set by the

7

at 396.  Maryland has construed the state's long-arm statute as coextensive with the scope of jurisdiction allowable by due process. *See Mackey v. Compass Mktg., Inc.*, 892 A.2d 479, 486 (Md. 2006).  "Although the statutory and constitutional inquiries merge, the Court must address both elements in the personal jurisdiction analysis." *Metropolitan Reg'l Info. Sys., Inc. v. American Home Realty Network, Inc.*, 888 F.Supp.2d 691, 698 (D. Md. 2012).

The Defendants assert that Garry has not shown that the Court has specific or general jurisdiction over them.  ECF No. 9-1 at 5-14.  Garry's amended complaint does not state the basis for the Court's personal jurisdiction, *see* ECF No. 11, and he has not responded to the Defendants' motion.

        i.      Statutory Authority

Maryland's long-arm statute limits jurisdiction to claims "arising from any act enumerated [in the statute]."  Md. Code, Cts. & Jud. Proc. § 6-103(a).  Under subsection (b)(4), a defendant who "causes tortious injury in [Maryland] . . . by an act or omission outside [Maryland]" is subject to jurisdiction here if the defendant "derives substantial revenue from goods,

---

due process clause of the Constitution." *Carefirst of Md., Inc.*, 334 F.3d at 396-97.  A plaintiff must still specify which provisions of the long-arm statute provide for personal jurisdiction over the defendant. *See Cleaning Auth., Inc. v. Neubert*, 739 F. Supp. 2d 807, 811-12 & n.7 (D. Md. 2010); *Mackey, Inc.*, 892 A.2d at 493 n.6.

food, services, or manufactured products used or consumed in
[Maryland]."  *Id.* § 6-103(b)(4).

Garry alleges that he was "a victim of the tort while in
Baltimore City."  ECF No. 11 ¶ 3.  The factual basis of the
alleged torts is the civil suit pending in Ohio state court.
*See id.*; ECF Nos. 9-1 at 3; 9-2.  Drawing reasonable inferences
in Garry's favor, *see Mylan Labs., Inc.*, 2 F.3d at 60, § 6-
103(b)(4) represents the only possible statutory basis for
personal jurisdiction.

However, Garry has not shown that the Defendants "derive[]
substantial revenue" from services--presumably, legal services--
-consumed in Maryland.  Garry merely alleges that the Defendants
"hope" their lawsuits "will lead to settlements."  *See* ECF No.
11 ¶ 2.  The Ohio suit remains pending, *see* ECF No. 9-1 at 2;
even had that suit settled, the Defendants--Ohio-based lawyers,
representing an Ohio resident, in Ohio court--would have derived
their revenue from services consumed in Ohio, not Maryland.
Thus, Garry has not shown that Maryland's long-arm statute
reaches the Defendants.

ii.   Due Process

Due process requires that the defendant have "minimum
contacts" with the State such that maintaining the suit "does
not offend 'traditional notions of fair play and substantial

9

justice.'"[11]    Garry has not alleged that the Defendants have

"continuous and systematic" contacts with the forum state

justifying general personal jurisdiction, nor can the Court find

such contacts in the record.

In determining whether the exercise of specific personal

jurisdiction comports with due process, a court traditionally

considers, *inter alia,* "the extent to which the defendant has

purposefully availed itself of the privilege of conducting

activities in the state." *Carefirst of Md., Inc.*, 334 F.3d at

397.

Under the "effects" test, a court may also assert

jurisdiction over a non-resident defendant who has "expressly

aimed" his tortious conduct at the forum state, knowing that the

injury would be felt there.  *Calder v. Jones*, 465 U.S. 783, 789

(1984).  However, "'foreseeability' alone has never been a

sufficient benchmark for personal jurisdiction under the Due

Process Clause." *World-Wide Volkswagen Corp. v. Woodson*, 444

U.S. 286, 296 (1980).

Here, the Defendants have not "purposely availed"

themselves of the privilege of conducting activities in

Maryland.  Garry, as BSD Collections owner, sued Walker in Ohio;

the Defendants, as Walker's counsel, responded to that action by

---

[11] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92
(1980) (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316
(1945)).

counterclaiming against BSD Collections, and bringing a third-party claim against Garry, in Ohio. *See supra* note 5.  The Defendants have not expressly aimed tortious conduct at Maryland. *See Calder*, 465 U.S. at 789.  That Garry lives in Maryland does not change the outcome; the propriety of jurisdiction over an out-of-state defendant depends on "the defendant's own contacts with the state," not where the plaintiff feels the alleged injury. *ESAB Grp., Inc*. v. Centricut, Inc., 126 F.3d 617, 626 (4th Cir. 1997) (*citing Calder*, 465 U.S. at 789); *Young v. New Haven Advocate*, 315 F.3d 256, 263 (4th Cir. 2002).[12]  Accordingly, due process does not permit the Court's exercise of personal jurisdiction over the Defendants; their motion to dismiss will be granted.[13]

III. Conclusion

For the reasons stated above, Garry's motion to remand will be denied, the Defendants' motion to dismiss the original

---

[12] *Cf. Cape v. von Maur*, 932 F. Supp. 124, 128 (D. Md. 1996)("[C]ase law overflows on the point that providing out-of-state legal representation is not enough to subject an out-of-state lawyer or law firm to the personal jurisdiction of the state in which a client resides.").  The Defendants' contacts are more attenuated than those in *Cape* because the Defendants did not represent a Maryland resident, but an Ohio resident in connection with litigation initiated by a Maryland resident.

[13] Accordingly, the Court need not address whether the amended complaint should also be dismissed for insufficient service of process, or failure to state a claim.

complaint will be denied as moot, and the Defendants' motion to dismiss the amended complaint will be granted.

_2/24/15_
Date

_____
William D. Quarles, Jr.
United States District Judge